UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.

 Private First Class MARK A. FRIPP, JR.
 United States Army , Appellant

 ARMY 20080400

 Combined/Joint Task Force 101
 Edward J. O’Brien, Military Judge
 Lieutenant Colonel Paul S. Wilson, Staff Judge Advocate

For Appellant: Lieutenant Colonel Mark Tellitocci, JA; Major Grace M.
Gallagher, JA; Lieutenant Colonel William E. Cassara, JA (on brief).

For Appellee: Lieutenant Colonel Francis C. Kiley, JA; Major Karen J.
Borgerding, JA (on brief).

 27 October 2009

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------
Per Curiam:

 An enlisted panel sitting as a general court-martial convicted
appellant, contrary to his pleas, of conspiracy to commit larceny, larceny,
wrongful appropriation, assault consummated by a battery (two
specifications), and housebreaking, in violation of Articles 81, 121, 128,
and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921, 928 and
930 [hereinafter UCMJ]. Appellant was sentenced to a dishonorable
discharge, confinement for forty-eight months, forfeiture of all pay and
allowances, and reduction to the rank of Private (E1). The convening
authority reduced the sentence to confinement to forty-four months and
otherwise approved the adjudged sentence.

 Appellant alleges the military judge abused his discretion when he
allowed testimony regarding the “administrative effects” of appellant’s
court-martial. We agree the military judge erred, however, we do not find
the error prejudiced appellant. See Article 59, UCMJ.

 During presentencing, the military judge permitted the trial counsel
ask appellant’s platoon sergeant, over defense objection, “What was the
administrative affect [sic] on your unit as a result of this action?”
Because of the potential of this question, as phrased, to elicit
impermissible aggravation evidence, we agree it was improper. “[E]vidence
of the administrative burden of the court-martial process is ordinarily not
‘evidence of significant adverse impact on the mission, discipline, or
efficiency of the command directly and immediately resulting from the
accused's offense.’” United States v. Stapp, 60 M.J. 795, 801 (Army Ct.
Crim. App. 2004) (citing Rule for Courts-Martial [hereinafter R.C.M.]
1001(b)(4)).

 Although we find error in the phrasing of the trial counsel’s
question, the response to that question did not violate the limitations set
forth in R.C.M. 1001(b)(4). The witness responded that, to protect the
interests of the appellant and his co-conspirators, he could not assign
them to work together in performing their mission. This forced other
members of appellant’s platoon to perform their arduous and dangerous
resupply mission in Afghanistan more frequently, increasing unit stress and
hampering the mission. Thus, the objectionable question drew a permissible
response. See, e.g., United States v. Key, 55 M.J. 537, 539 (A.F. Ct.
Crim. App. 2001) (holding removal of appellant and accomplices from duty
positions after misuse of authority was admissible as direct result of
misconduct).

 While the question itself was improper, the response it elicited was
not, and appellant suffered no prejudice. See Stapp, 60 M.J. at 801
(citing United States v. Boyd, 55 M.J. 217, 221 (C.A.A.F. 2001). The
findings of guilty and the sentence are affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court